Justin C. Frankel (JF-5983)
Jason A. Newfield (JN-5529)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 301
Garden City, New York 11530
(516) 222-1600

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------
DOUGLAS ALDER,                           :
                                         :    05 CV
            Plaintiff,                   :
                                         :
    - against -                          :    ECF
                                         :
CIGNA LIFE INSURANCE COMPANY OF          :
NEW YORK,                                :    **COMPLAINT**
                                         :
            Defendant.                   :
---------------------------------------------------------

Plaintiff, Douglas Alder, by and through his attorneys, FRANKEL & NEWFIELD, P.C., as and for his Complaint against Defendant CIGNA LIFE ASSURANCE COMPANY OF NEW YORK("CIGNA"), hereby sets forth the following:

### THE PARTIES

1. At all times hereinafter mentioned, Plaintiff DOUG ALDER, was and still is a resident of the State of Ohio.

2. Upon information and belief, at all times hereinafter mentioned, Defendant CIGNA is a New York Corporation, with its principal place of business at 140 East 45th Street, New York, New York 10017 and is licensed to conduct business in the State of New York.  Defendant CIGNA is therefore a citizen of the State of New York, pursuant to 28 U.S.C. § 1332(c)(1).

## JURISDICTION AND VENUE

3.      Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to heal civil actions brought to recover benefits due under the terms of an employee welfare benefit plan.  Jurisdiction is also founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4.      Venue in the Southern District of New York is appropriate because Defendant CIGNA resides in this judicial district, is subject to personal jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

5.      Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

6.      At all relevant times hereinafter mentioned, Plaintiff was an employee of Salomon Smith Barney ("SSB") whose main office is in New York, NY.

7.      During Plaintiff's employment with SSB, and effective January 1, 1996, CIGNA issued Group Long Term Disability policy number NYK-2260 to SSB (or its predecessor in name Smith Barney) (the "Policy").

8.      At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible SSB employees in exchange for the payment of premiums by SSB and/or the employees.

9.      At all times mentioned herein, Plaintiff was an employee eligible for disability benefits and an insured under the Policy issued by CIGNA.

10. Said policy issued by CIGNA provided, among other things, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to injury or sickness.

11. On or about June 8, 2004, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

12. Plaintiff filed a claim for long term disability benefits with CIGNA.

13. Plaintiff provided proof of loss to CIGNA.

14. Plaintiff complied with all of the contractual obligations contained in the Policy.

15. On September 30, 2004 CIGNA issued a letter to Plaintiff denying his claim for long term disability benefits.

16. On December 21, 2004 Plaintiff filed his Appeal for benefits pursuant to the terms of the plan and the proscriptions of ERISA.

17. On June 20, 2005, CIGNA reversed its decision to deny benefits and awarded Plaintiff benefits from September 6, 2004 to April 1, 2005.

18. In CIGNA's June 20, 2005 letter reversing benefits, CIGNA subsequently denied benefits beyond April 1, 2005.

19. On August 5, 2005, Plaintiff once again appealed CIGNA's decision to deny benefits beyond April 1, 2005.

20. In Plaintiff's August 5, 2005 Appeal of CIGNA's adverse benefit determination, Plaintiff, also appealed CIGNA's calculation of Plaintiff's benefit.

21. As of this date, Plaintiff continues to be disabled in that he is unable to perform all of the essential duties of his occupation.

22. Plaintiff's disability is caused by, among other things, his diagnosis of Bipolar Disorder and the attendant restrictions and limitations which make him unable to perform his occupation.

23. Plaintiff cooperated with Defendant CIGNA, provided proper proof of loss, and otherwise complied with the policy terms and conditions regarding his claim.

24. CIGNA accepted liability for a period of time, thus, CIGNA acknowledged that Plaintiff suffered a significant sickness that prevented him from performing the duties of his occupation.

25. Thereafter, despite Plaintiff's continued total disability, Defendant has denied further benefits to Plaintiff and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

26. Plaintiff filed an administrative appeal of CIGNA's wrongful termination of his benefits, which was denied by CIGNA. Thus, Plaintiff has exhausted his administrative remedies.

27. Said refusal on the part of Defendant CIGNA is a willful and wrongful breach of the policy terms and conditions.

28. Monthly benefits to Plaintiff are continuing to be due and payable by Defendant CIGNA with the passage of each month.

29. Defendant CIGNA is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim and is exposed to substantial future liability to Plaintiff

should it accept liability for this claim.

30. Defendant CIGNA's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform a medical examination of Plaintiff, the failure to accurately and appropriately understand the essential duties of Plaintiff's occupation, and the failure to consider the significant physical, mental, emotional and stamina requirements or the duties of his occupation.

31. Defendant CIGNA's claim handling resulted in numerous violations of 29 CFR § 2560.503-1.

32. Defendant CIGNA's claim handling failed to provide Plaintiff with a full and fair review of his claim.

33. Defendant CIGNA's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant CIGNA's financial situation and prevented Plaintiff from receiving a full and fair review of his claim.

34. The Court shall review CIGNA's decision to deny benefits under a de novo standard of review.

35. Plaintiff has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

36. Plaintiff continues to be totally disabled, and monthly benefits are due and owing to him with the passage of each month. Upon information and belief, arrears are now due and owing to him in an amount of at least $224,214.59, plus prejudgment interest.

**AS AND FOR A SECOND CAUSE OF ACTION**

37. Plaintiff repeats and reiterates each and every allegation contained within paragraphs "1" through "36" with the same force and effect as if more fully set forth above.

38. Pursuant to the Policy, the monthly benefit Plaintiff is entitled to is 60% of Plaintiff's monthly earnings at the time he became totally disabled.

39. At the time of Plaintiff's disability his monthly earnings were $32,230.85.

40. Pursuant to the policy provisions, 60% of Plaintiff's monthly earnings is at at least $ 19,339.00.

41. CIGNA unilaterally and without proper justification changed the amount of monthly benefit paid to Plaintiff, to an amount that was $ 6,839.00 based upon their allegation that Plaintiff's private policy of insurance was a deductible source of income.

42. In unilaterally arriving at this determination, CIGNA purportedly relied upon policy provisions that allow them to offset "other benefits" .

43. However, CIGNA erroneously calculated Plaintiff's benefits in an effort to minimize their financial responsibility.

44. Plaintiff's monthly benefit payments should have been $19,339.00.

45. Plaintiff underpaid Plaintiff at least $87,000 during the period September 6, 2004 to April 1, 2005.

46. Plaintiff should be entitled to $19,339.00 a month.

47. CIGNA failed to act as a neutral arbiter of Plaintiff's claim that his benefits were underpaid when it refused to acknowledge that Plaintiff's monthly benefit should not have been considered other income.

48. CIGNA's refusal to address the issue of Plaintiff's proper benefit in a fair and neutral manner amounts to arbitrary and capricious conduct.

49. The Court shall review CIGNA's decision to offset Plaintiff's benefit under a de novo standard of review.

50. Plaintiff is without an adequate remedy at law.

**WHEREFORE**, Plaintiff Douglas Alder prays that he may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) On the first cause of action, Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant in that he is unable to perform all of the essential duties of his occupation;

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and is obligated to pay all benefits in arrears due and owing since the denial of benefits, plus prejudgment interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as he remains totally disabled, subject to the applicable benefit period in the policy;

d) On the second cause of action, Plaintiff was underpaid by CIGNA in the amount of his proper monthly benefit and CIGNA wrongfully withheld payments to Plaintiff;

e) Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

f) Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's fees, as well as all other costs and disbursements of this action;

  g)  Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary;

  h)  The The Court shall review this action under a de novo standard of review, and

  i)  Such other and further relief as the Court may deem just and proper.

Dated:  Garden City, New York
     December 2, 2005

            By: _____
               Justin C. Frankel (JF-5983)
               Jason A. Newfield (JN-5529)
               FRANKEL & NEWFIELD, P.C.
               585 Stewart Avenue - Suite 301
               Garden City, New York 11530
               (516) 222-1600
               Attorneys for Plaintiff

X:\Shared\Alder, Doug\Complant.wpd